David H. THORSTAD, Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY, Federal Bureau of Investigation, and United States Department of Justice, Defendants.

No. 78 Civ. 2419.

United States District Court,
S. D. New York.

Nov. 26, 1979.

Butzel & Kass by Jean C. Berman, New York City, and American Civil Liberties Union by Jack D. Novik, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S. D. of N. Y., New York City, for defendants; Carl T. Solberg, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff in this action seeks, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to obtain the release of all records pertaining to plaintiff which are in the possession of defendants, the Central Intelligence Agency (CIA) and the Federal Bureau of Investigation (FBI). While defendants have released to plaintiff numerous documents in partly redacted form, defendants have withheld certain information allegedly exempt under various exemptions of the FOIA. Following commencement of this action, plaintiff moved for an order compelling defendants to provide a detailed and specific justification, itemization, and indexing explaining defendants' refusal to release the requested documents. On August 15, 1978, the court directed defendants to produce such an itemization and justification (the "*Vaughn*" index) by September 11, 1978.

In accordance with the court's direction, defendants submitted affidavits describing the documents withheld and the justification for withholding them. Plaintiff now moves for an order requiring defendants to provide further detailed descriptions of information withheld and justifications for their allegations that the documents requested are exempt from disclosure.

*Legal Framework*

In the leading case of *Vaughn v. Rosen*, 484 F.2d 820, 826–27 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) [footnote omitted], the Court of Appeals for the District of Columbia Circuit held:

[C]ourts will simply no longer accept conclusory and generalized allegations of exemptions, such as the trial court was treated to in this case, but will require a relatively detailed analysis in manageable

segments. An analysis sufficiently detailed would not have to contain factual descriptions that if made public would compromise the secret nature of the information, but could ordinarily be composed without excessive reference to the actual language of the document.

The *Vaughn* court went on to explain that the Government should "formulat[e] a system of itemizing and indexing that would correlate statements made in the Government's refusal justification with the actual portions of the document." *Id.* at 827 [footnote omitted].

The Court of Appeals for the District of Columbia Circuit further explained its *Vaughn* holding in *Ray v. Turner*, 587 F.2d 1187 (D.C. Cir. 1978). The court explained that *Vaughn* "initiated procedures designed to mitigate the administrative burden on the courts and ensure that the burden of justifying claimed exemptions would in fact be borne by the agencies to whom it had been assigned by Congress." *Id.* at 1191. The *Ray* court emphasized that the court in its de novo review must " 'accord substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record.' " *Id.* at 1194 (quoting S.Rep. No. 93–1200, 93 Cong., 2d Sess. 12 (1974), U.S.Code Cong. & Admin.News 1974, pp. 6267, 6290) [footnote omitted]. Moreover, the court reviewing claimed exemptions must " 'be satisfied that proper procedures have been followed, and that by its sufficient description the contested document logically falls into the category of the exemption indicated.' " *Id.* at 1195 (quoting *Weissman v. CIA*, 565 F.2d 692, 697 (D.C. Cir. 1977)). "Whether there is a 'sufficient description' to establish the exemptions is, of course, a key issue." *Id.* at 195 n.22.

■ It is clear that the *Vaughn* requirements apply with full force in this court. The Government must provide a detailed justification and specific indexing so that the court may determine whether the Government has satisfied its burden of demonstrating the applicability of particular FOIA exemptions. *See Mobil Oil Corp.*

*v. Federal Trade Commission*, 406 F.Supp. 305 (S.D.N.Y. 1976). The critical issue, then, is whether the affidavits and indexing submitted by defendants in the case at hand have satisfied the *Vaughn* requirements.

### FBI Affidavits

■ The FBI has submitted four affidavits describing the documents which it has withheld.

1) *Strong Affidavit.* The affidavit of Loweel B. Strong purports to describe the documents withheld by the FBI pursuant to Exemption (b)(1), 5 U.S.C. § 552(b)(1). While the affidavit describes each document by its type of communication, its source, and its date, the affidavit contains virtually no description of the information withheld. Without any description of the nature of the information, it is virtually impossible to determine the validity of the claimed exemptions. While the affidavit need not contain factual descriptions that might compromise the secret nature of the information, certainly the affidavit could at least describe the information in general terms without reference to the actual language or contents of the documents.

For example, the only description of the information contained in Document No. 1 is that "its disclosure could reveal an intelligence source or method and could disclose a specific foreign relations matter." The affidavit describes how the document was classified, but with no further description of its information. The above "description" is, in fact, a conclusory and generalized allegation of an exemption, and certainly is neither a "relatively detailed analysis" nor a "sufficient description" as required by *Vaughn* and *Ray*. The other descriptions in the Strong affidavit are similarly inadequate.

2) *Murphy Affidavit.* The affidavit of John C. Murphy purports to describe the remaining documents held by the FBI. Again, this affidavit describes each document by its type of communication, its source, and its date, but with virtually no description of the information withheld.

For example, two full paragraphs on page 12 of Document No. 14 were deleted with the following description: "All of paragraphs 2 and 3 were deleted pursuant to exemption (b)(1) in order to protect information currently and properly classified under Executive Order 11652. (See paragraph (5)(A), *supra.*) There is no reasonably segregable part of either paragraph that can be released to plaintiff." Similarly, an entire page of Document 26 was deleted with the following description:

> This page was withheld in its entirety pursuant to exemption (b)(7)(D). The sources sought to be protected herein-clude 10 confidential informants who provided information on a regular basis (See paragraph (5)(c)(ii), *supra.*) and two individuals who were interviewed under an expressed assurance of confidentiality. (See paragraph (5)(C)(i), *supra.*) There is no reasonably segregable portion of this page that can be released to plaintiff without revealing the identity of the confidential sources.

Of course, defendants need not reveal actual names, places, dates of meetings, or discussions. However, the affidavits must do more than merely state the conclusion that the document must be withheld in order to protect confidential sources. As *Vaughn* notes, the withheld information should be described without excessive reference to the actual language of the documents, such as actual names or places. The descriptions in the Murphy affidavit simply does not meet this standard.

3) *Conley Affidavit.* The affidavit of Thomas F. Conley purports to describe a two-page enclosure which is part of Document No. 1. In a rather extreme example of the shortcomings of defendants' affidavits, the Conley affidavit devotes five pages to describing how the enclosure was classified and how its disclosure could affect national security, but without the slightest attempt to describe sufficiently the information contained in the document. Without a sufficient description, this court would be forced to accept the defendants' conclusions that the exemptions are proper.

4) *Graves Affidavit.* The affidavit of Jerry M. Graves sets forth the FBI's second review of all material withheld pursuant to Exemption (b)(1) under Executive Order No. 12065, which became effective on December 1, 1978. The Graves affidavit does not substantially elaborate upon the descriptions in the other affidavits. For example, Document No. 1 is again described by its date and number of pages, along with an account of how it was classified. The Graves affidavit purports to describe the information in Document No. 1: "Pages 1 through 3 in their entirety consisting of information furnished to the FBI by another agency of the U. S. Government, which was so classified by that agency."

*CIA Affidavit*

The CIA has filed the affidavit of Robert E. Owen which purports to describe the documents withheld by the CIA. As with the FBI affidavits, the CIA affidavit describes each document by its type of communication and its date, with virtually no description of the information withheld. In some instances, the CIA does state that the name of a source or employee, the location of a CIA installation, a cryptonym or a pseudonym has been deleted, but often no further description of the information is given.

Illustrative of the shortcomings of the CIA affidavit is its description of its Document No. 1:

> Two-page Memorandum dated 12 May 1967 to Director FBI, from Deputy Director for Plans. This document contains information supplied by a source of foreign intelligence as a result of this source's observation made in a foreign country concerning several individuals including plaintiff. All information concerning the plaintiff is released. Information which could identify the source in paragraph one of this document is withheld pursuant to exemptions (b)(1) and (b)(3) of the FOIA. Information concerning individuals other than the plaintiff the release of which would result in a clearly unwarranted invasion of the personal privacy of those individuals con-

**504**

tained in paragraphs 2 and 4 of this document is withheld pursuant to exemption (b)(6) of the FOIA. Further, while the release of paragraph 3 concerning plaintiff does not compromise a source, it is my opinion that if all information contained in paragraphs 2, 3 and 4 is released, that information in its entirety would identify the source. Thus, paragraphs 2 and 4 are withheld pursuant to exemption (b)(3). Marginal data including information concerning internal organizational data of CIA, the name of a CIA employee and the location of a CIA installation are deleted pursuant to exemptions (b)(1) and (b)(3) of the FOIA.

In effect, the CIA description of Document No. 1 is an elaborate, nonetheless conclusory, allegation of exemptions. There is no attempt to describe the nature of the information contained in paragraph one, for example, or how it might identify the source. The CIA need not reveal actual names, places, descriptions of meetings, or subjects of discussions. However, the CIA could at least describe the information in paragraph one in general terms without revealing actual material. For example, in *Serbian Eastern Orthodox Diocese v. CIA*, 458 F.Supp. 798, 802 n.3 (D.D.C. 1978), the court gave examples of descriptions which would meet the *Vaughn* requirements:

> Document No. 62 . . . The kind of knowledge demonstrated in the document could be known to but a few persons, one of whom would logically be the intelligence source or his informant. To prevent the identification and disclosure of the intelligence source involved, the document was withheld in its entirety since the deletion of those portions which would expose the source, would not leave an intelligible remnant.

> Document No. 63 . . . The details of [this] report are primarily concerned with a discussion of the intelligence source. He is named and also discussed in enough detail so that his identity would be apparent to a knowledgeable reader, even without the name. The remainder of the document discusses the manner in which the source obtained the information. There are no meaningful or intelligible portions of the document that could be released without posing a threat to the anonymity (sic) of the intelligence source.

Thus, these sufficient descriptions, unlike those in the case at hand, give the court some clue as to the nature of the information withheld—i. e., whether the information consists of names, places, subjects of discussion—and *how* the information could identify the source.

█ While the court should accord substantial weight to the defendants' affidavits concerning the details of the documents claimed to be exempt, the court cannot accord any weight to affidavits which do not give a sufficient description of the contested documents so that a de novo review may be conducted. Not only must defendants give a sufficient description of the information withheld, but also defendants must "address specifically whether the disclosure of substantive information may be possible without the disclosure of source, and if not why not." *Ray v. Turner*, supra, 587 F.2d at 1196.

*Conclusion*

The court concludes that defendants have not submitted affidavits which include sufficient descriptions of documents withheld by defendants under claims of exemption under the FOIA. Accordingly, the order accompanying this opinion directs defendants to provide further detailed descriptions of information withheld and justifications for their allegations that the document requested by plaintiff under the Freedom of Information Act, 5 U.S.C. § 552, are exempt from disclosure.

SO ORDERED.